IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| JULISSA JIMENEZ individually and on behalf of Armando Jimenez, Jr., deceased. | § § § | |
| *Plaintiff,* | § § § § | |
| vs. | § | CAUSE NO. 2:21-cv-00013 |
| GRAND ISLE SHIPYARD, INC. | § § § § | |
| *Defendant.* | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Julissa Jimenez, individually and on behalf of Armando Jimenez, Jr., deceased hereinafter referred to as Plaintiff, complaining of and about Grand Isle Shipyard, hereinafter referred to as Defendant, and for cause of action will show unto the Court as follows:

**I.
PARTIES AND SERVICE**

1. Plaintiff, Julissa Jimenez, is a citizen of the United States and the State of Texas and resides in Del Rio, Val Verde County, Texas.

2. Defendant, Grand Isle Shipyard, is a foreign limited liability company formed in the state of Louisiana.

3. Defendant Grand Isle Shipyard may be served with service of process by serving its

1

Registered Agent, CT Corporation System at 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

## II.
## JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff is suing Defendant under 46 U.S.C. § 30104, et seq, more commonly known as the Jones Act for violating the federally guaranteed rights.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court of the Western District of Texas, Del Rio Division, as Plaintiff resides in this district.

## III.
## NATURE OF ACTION

6. This is an action brought pursuant to 46 U.S.C. § 30104, et seq. more commonly known as the Jones Act, and under the general maritime law for unseaworthiness and alternatively pursuant to 33 U.S.C. § 905 (b) of the Longshore and Harbor Workers' Compensation Act, to correct and recover for Defendant's unlawful employment practices based on Plaintiff's husband's wrongful death.

## V.
## FACTS

7. On or about January 11, 2021, Armando Jimenez arrived in Louisiana at the Grand Isle Shipyard and began prepping for departure to do sandblasting on the pad.

8. Mr. Jimenez was told that all crew members would be tested for COVID-19 before departing. The tests were scheduled for January 28, 2021. The crew was not tested. All COVID-19 tests for that date were cancelled without an explanation from Defendant.

9. On January 29, 2021, the crew departed from the shipyard via helicopter to the pad where they were to perform their sandblasting duties.

10. While on the pad, the crew members met every morning and every evening to discuss work. No social distancing or face coverings were encouraged or implemented at the meetings.

11. No one on the pad wore face coverings, sanitized, or attempted to be socially distant to take precautions against spreading COVID-19. Mr. Jimenez tried to mitigate his exposure by draping a sheet in front of his bunk bed which was one out of two bunks beds in a room.

12. Crew members shared a bathroom with seven (7) other crew members.

13. There were no efforts of sanitizing or cleaning common areas by Defendant to prevent the spreading of COVID-19.

14. Defendant did not require anyone working on the site to wear masks, they did not encourage social distancing, or clean and disinfect frequently touched surfaces as the CDC recommends for the prevention of spreading COVID-19.

15. Mr. Jimenez was called back home because a severely ill relative.

16. On or about February 8, 2021, Mr. Jimenez returned home. He was experiencing fever, chills, cough, and other COVID-19 symptoms. He contributed the symptoms to the fact that the bunks were cold, and he along with other employees were wet most of the time due to their work. He mentioned to his wife that other crew members on the ship experienced similar symptoms, but they all contributed the symptoms to their working conditions.

17. On or about February 13, 2021, Mr. Jimenez's foreman called him to inform him that everyone on his crew had tested positive for COVID-19 and he should get tested as well.

18. On February 14, 2021, Mr. Jimenez went to get tested for COVID-19, the results were ready within an hour. He was positive for COVID-19. His wife and children took immediate measures to quarantine Mr. Jimenez in their home.

19. On February 19, 2021 Mr. Jimenez passed away due to COVID-19.

## VI.
## VIOLATIONS OF THE JONES ACT

20. Plaintiff incorporates by reference the allegations contained in above paragraphs, as if fully rewritten herein.

21. Defendant was the Jones Act employer of Armando Jimenez, Jr. at the time of the incident in question.

22. Defendant is liable for its/their vessel negligence pursuant to Section 905(b) of the LHWCA.

23. The resulting injuries and death of **Armando Jimenez, Jr**. and the damages sued upon herein were the sole, direct, and proximate result of the negligence and/or gross, willful, and/or wanton conduct and/or fault of GRAND ISLE SHIPYARD and/or unseaworthy conditions caused, created, and allowed to exist by virtue of GRAND ISLE SHIPYARD's actions, inactions, and /or gross, willful, and/or wanton conduct and/or fault, and/or that of its principals, agents, servants, employees and/or those for whom it was responsible at the time of the herein above described incident in the following non-exclusive particulars.

   a) Negligently, knowingly, intentionally, recklessly, willfully, wantonly, and/or in a grossly negligent manner placing **Armando Jimenez, Jr.** in a situation which it knew or should have known to be unreasonably dangerous;

   b) Negligently, knowingly, intentionally, recklessly, willfully, wantonly, and/or in a grossly negligent manner failing to warn **Armando Jimenez, Jr.** of conditions which it knew or should have known to be unreasonably dangerous and/or present a risk of harm;

   c) Negligently, knowingly, intentionally, recklessly, willfully, wantonly, and/or in a

grossly negligent manner failing to properly examine and/or inspect its vessel to ensure that it did not contain any unseaworthy and/or unreasonably dangerous conditions;

d) Negligently, knowingly, intentionally, recklessly, willfully, wantonly, and/or in a grossly negligent manner failing to properly maintain its vessel and/or ensure that its vessel was seaworthy;

e) Negligently, knowingly, intentionally, recklessly, willfully, wantonly, and/or in a grossly negligent manner failing to provide **Armando Jimenez, Jr.** with a safe place to work;

f) Negligently, knowingly, intentionally, recklessly, willfully, wantonly, and/or in a grossly negligent manner violating any and all applicable rules, regulations, recommended practices, policies and/or standards which constitutes negligence per se;

g) Negligently, knowingly, intentionally, recklessly, willfully, wantonly, and/or in a grossly negligent manner failing to adequately instruct the crew aboard a vessel;

h) Negligently, knowingly, intentionally, recklessly, willfully, wantonly, and/or in a grossly negligent manner failing to take all proper precautions to prevent the incident, injuries, and death of **Armando Jimenez, Jr.**.

i) Negligently, knowingly, intentionally, recklessly, willfully, wantonly, and/or in a grossly negligent manner failing to heed the warnings of its employees;

j) Negligently, knowingly, intentionally, recklessly, willfully, wantonly, and/or in a grossly negligent manner failing to adequately and/or safely plan the operations in question including, but not limited to, ensuring the proper and safe use of equipment and/or procedures;

k) Negligently, knowingly, intentionally, recklessly, willfully, wantonly, and/or in a

grossly negligent manner failing to provide adequate supervision and/or other acts of negligence and/or unseaworthiness to be proven at the trial of this matter.

## IX.
## DAMAGES

24. As a result of injuries and wrongful death of **Armando Jimenez, Jr.**, Plaintiff Julissa Jimenez and their three (3) children ages twenty-one (21), fifteen (15), and nine (9) are entitled to recovery the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a) Survival damages including, but not necessarily limited to, those damages associated with the mental and physical pain and suffering that **Armando Jimenez, Jr.** endured prior to his death.

b) Loss of support, wages, earnings, and/or earning capacity; past, present, and future;

c) Loss of fringe benefits including, but not limited to, savings, retirement, health insurance and/or medical care;

d) Loss of consortium, society, companionship, love and affection; nurture, care, guidance, instruction, and physical, intellectual, and moral training; and all mental, emotional and physical damages that Mrs. Jimenez and their three children endured and/or will endure as the result of the death of her husband **Armando Jimenez, Jr.**; past, present, and future;

e) Loss of services, past, present and future

f) Loss of inheritance for his children;

h) Loss of college education for his children;

i) All expenses associated with the funeral and burial of **Armando Jimenez, Jr.**; and

j) Any other general and/or special damages recoverable under the applicable laws in

amounts reasonable in the premises.

## X.
## JURY DEMAND

25. Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Julissa Jimenez, individually and on behalf of Armando Jimenez, Jr., deceased respectfully prays that Defendant, Grand Isle Shipyard, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
5120 Woodway Dr., Suite 10010
Houston, TX 77056
Main: 713-742-0900
Fax: 713-742-0951
**ATTORNEY FOR PLAINTIFF
JULISSA JIMENEZ**

7